UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80026-ROSENBERG/REID

KRIS K. BROWN,

    Plaintiff,

v.

THE GEO GROUP, INC. et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Defendants' Motion for Summary Judgment [DE 123]. On October 2, 2019, the Court referred the case to the Honorable Magistrate Judge Lisette M. Reid for a Report and Recommendation ("R&R") on all pretrial and dispositive matters [DE 22]. On August 18, 2021, Judge Reid issued a Report and Recommendation [DE 196] recommending the Court **GRANT** Defendants' Motion for Summary Judgment. Plaintiff timely filed an Objection to the R&R on August 30, 2021. DE 200.

The Court has reviewed *de novo* the R&R, Plaintiff's Objection, and the record. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). The Court finds the factual determinations in the R&R to be thorough, exhaustive, and supported by substantial evidence on the record. Further, the R&R's legal analysis and conclusions are well-reasoned and correct. The Court therefore adopts the R&R.

Plaintiff's Objection addresses his Equal Protection claim. Plaintiff claims that (1) his assault was a hate crime based on his sexual orientation [DE 200 at 5] and that it was not properly investigated under the Prison Rape Elimination Act [DE 200 at 7], (2) there is a homophobic

culture at South Bay [DE 200 at 9], and (3) the GEO group not only inadequately investigated Plaintiff's assault [DE 200 at 12] but also tampered with and spoliated evidence [DE 200 at 13].

With respect to Plaintiff's Objection, when the entire record is viewed in the light most favorable to the Plaintiff, Plaintiff's allegations fail to raise a genuine issue of material fact. The Complaint alleges as follows: Plaintiff, who is gay, sat down with another inmate, who is also gay, to watch a game in the recreation yard. DE 57 at 3. Another inmate sitting nearby told Plaintiff and the other inmate that they needed to go on the track with "that gay shit, all that kissing, and fag shit." DE 57 at 3. At the time, Plaintiff saw only one correctional officer, who appeared to be engaged in a conversation with other inmates. DE 57 at 4. Plaintiff was then attacked by other inmates and later hospitalized for his injuries. DE 57 at 5. Plaintiff alleges that Defendants do not "perceive gay bashing as a serious offense" and "as a result, [GEO] Group conducted a superficial investigation, which it closed without doing any real investigation," in violation of its statutory obligations. DE 57 at 5.

To succeed on an Equal Protection claim in the absence of a facially discriminatory policy, a plaintiff must prove "disparate impact," which consists of two elements. First, the governmental decision maker must have intentionally acted in a discriminatory manner—that is, "because of, and not merely in spite of, its effects upon an identifiable group." *Morrissey v. United States*, 871 F.3d 1260, 1271 (11th Cir. 2017). Second, the action must have produced the desired discriminatory effect—or the "disparate impact." *Washington v. Davis*, 426 U.S. 229, 242 (1976). In this context, a "prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corrs.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006). The discrimination must be

intentional or purposeful: "Even arbitrary administration of [prison regulations], without purposeful discrimination, does not violate the equal protection clause." *E & T Realty v. Strickland*, 830 F.2d 1107, 1114 (11th Cir. 1987) (citations omitted).

Here, Plaintiff alleges that Defendants performed merely a cursory investigation of his assault *because of* Plaintiff's sexual orientation. DE 57 at 6. The R&R finds that Plaintiff cannot succeed on his Equal Protection claim because he has not shown disparate treatment in the investigation of his case. Judge Reid found:

> [T]here is no dispute that GEO Group investigated Plaintiff's assault, assisted him in identifying the perpetrators, and sent the matter to the OIG for further investigation. Specifically, by August 2, 2015, SBCF investigators identified three suspects, and Supervisor Haslem wrote three memoranda to Warden Stine, describing the background of these inmates. These inmates were placed in administrative confinement pending investigation surrounding Plaintiff's assault. It was further recommended that Plaintiff be special reviewed against these inmates, meaning that were not to be placed in the same prison as Plaintiff. This evidence does not show any indication of discrimination or a failure to investigate by GEO Group.

DE 196 at 35–36 (internal citation omitted). Plaintiff contests this summary of the investigation as misleading because it fails to address that (1) Plaintiff only saw the photo lineup once; (2) Defendants did not take any witness statements; and (3) that Haslem's memos do not address the assault. DE 200 at 20–21. Plaintiff also alleges that the discovery materials provided by Defendants do not comport with Plaintiff's description of the events. DE 200 at 22. Plaintiff construes these discrepancies to suggest that Defendants tampered with evidence, although there is no further basis to substantiate such a claim. DE 200 at 23.

The factual record suggests anything but a cursory investigation. It is undisputed that Defendants identified suspects, placed those suspects in administrative confinement, wrote different memoranda describing the background of these suspects, submitted the matter to the

proper investigative authority, and moved Plaintiff to a facility away from the suspects. DE 196 at 35–36.

Plaintiff further alleges that the homophobic culture at South Bay Correctional demonstrates discriminatory intent. Plaintiff alleges, and it is undisputed, that:

- He received no inquiry about his sexual orientation on arrival.
- He received no orientation about equal treatment for LGBT inmates.
- He saw no posters about "zero tolerance."
- He saw gay inmates segregated for their own protection and to avoid gangs and observed officers watching this behavior.
- He heard straight inmates and officers call gay inmates "faggot, particularly at mealtime," but also "just generally."
- He saw gay inmates segregated from straight inmates at meals – "no straight inmates would sit with gay inmates at meals."
- He saw gay inmates forced to go to the end of the pill line for medications and saw officers laugh at this "and did not intervene."
- He saw gay inmates forced to "go last" for haircuts and heard officers say that gay inmates should be "grateful" they received a haircut at all.

DE 200 at 18 (internal citations omitted).

Taken as true, these allegations are certainly concerning but they do not reveal how Plaintiff was treated differently because of his sexual orientation *in the course of the investigation*. *See generally Prescott v. Florida*, 343 F. App'x 395 (11th Cir. 2009) (holding that plaintiffs failed to allege that similarly situated persons had been treated disparately, as required to state an equal protection claim against numerous state and county officials). Furthermore, these allegations fail to show how Plaintiff was treated differently from similarly situated individuals. Plaintiff does "not describe any investigations of assaults on heterosexual prisoners to show that he was treated differently based on his sexual orientation." DE 196 at 35. Allegations of a homophobic culture alone are not enough.

Case No. 9:18-cv-80026-Rosenberg/Reid

Without a showing that Plaintiff was treated differently from other similarly situated prisoners, Plaintiff cannot succeed in his equal protection claim. The Court agrees with Judge Reid's findings that Plaintiff has not put forth facts sufficient to show disparate treatment.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R [DE 196] is **ADOPTED**.

2. Defendants' Motion for Summary Judgment [DE 123] is **GRANTED**.

3. Any pending motions are **DENIED AS MOOT**.

4. Final Judgment will be entered in favor of Defendants in a separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 2nd day of September, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: counsel of record